# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Jeff Patterson, individually and d/b/a Iconography,<br><br>                         Plaintiff,<br><br>vs.<br><br>Stevens Aviation, Inc.,<br><br>                         Defendant. | C.A. No.: _____<br><br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Jeff Patterson ("Patterson"), individually and doing business as Iconography, files this complaint against Stevens Aviation, Inc. ("Stevens" or "Defendants"), and shows the Court as follows:

## JURISDICTION/VENUE

1. This is a civil action for copyright violations arising under the *Copyright Act,* 17 U.S.C. § 101, *et seq.,* the *Digital Millennium Copyright Act*, 17 U.S.C. § 1201, *et seq*. ("DMCA"), and laws supplemental thereto and amendatory thereof.

2. Pursuant to 29 U.S.C. §1338, this Court has exclusive jurisdiction over the subject matter of these copyright claims. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. §1331 inasmuch as this claim arises under the laws of the United States.

3. At all times material hereto, Plaintiff Patterson was and is a citizen of the State of South Carolina, residing in Fair Play, SC.

4. Patterson has worked in the field of aircraft services in the areas of aircraft production, maintenance, customization, and painting for more than 20 years. Over the course of time, Plaintiff

has taken an interest in photographing various aircraft for personal and professional purposes.

5. At all times material hereto, Patterson conducted a business, under the name of Iconography, as a photographer focusing on capturing images of aircraft and related scenery. Iconography was and is in the business of licensing, and selling for profit photographs and visual images created by Patterson.

6. On information and belief at all times material hereto, Defendant Stevens was and is a corporation with its principal place of business in Greenville, South Carolina. Stevens provides aircraft services for individuals, corporate entities, and governmental entities.

7. This Court has personal jurisdiction over Defendant Stevens because Stevens conducts systematic and continuous business within this judicial district, Stevens's agents and affiliates can be found within this judicial district, and the acts giving rise to the Complaint occurred within this judicial district.

8. Venue in this judicial district is proper pursuant to 28 U.S.C. §1400(a) and 28 U.S.C. §1391(b) and (c) because one or more of the defendants reside in and may be found in this district, and/or one or more infringing acts took place here, such that a substantial part of the events giving rise to the claims occurred here.

## INTRODUCTORY FACTS

9. In August of 2014, Plaintiff created photographic images depicting an Embraer Super Tucano aircraft ("Aircraft Photos").

10. At the time, Stevens was engaged in subcontracting work for a project involving the plane depicted in the Aircraft Photos, and Plaintiff was engaged as a supervisor for the primary contractor of the plane.

11. Plaintiff created the Aircraft Photos for his personal collection, with equipment owned by Plaintiff, and not as an employee of or on behalf of any entity.

12. Shortly thereafter, a Stevens' employee contacted Plaintiff about the Aircraft Photos for use as a screen-saver on his computer. Plaintiff sent the Aircraft Photos to the Stevens' employee and agreed that the employee could use the Aircraft Photos for his personal use as a screen-saver on his individual computer only and did not give any other permissions, licenses, or transfer of rights to the Aircraft Photos.

13. In January of 2015, Plaintiff began working with Stevens as the paint shop manager and continued in this capacity until September of 2016.

14. In May of 2016, Plaintiff viewed a promotional video ("Infringing Video") created by or on behalf of Stevens in which two of the Aircraft Photos are featured. Stevens does not and has never had any license or permission to use the subject images in promotional materials or otherwise.

15. In June of 2016, Plaintiff spoke with the information technology manager at Stevens regarding the unauthorized use of the Aircraft Photos. Stevens refused to acknowledge Plaintiff's ownership rights in the images and continued to use them in the Infringing Video, which was shown numerous times at multiple trade shows and sales presentations to existing and prospective clients as part of Stevens's marketing of its services.

16. Since their creation in August of 2014, Plaintiff has been the continuous and exclusive owner of the copyright in the Aircraft Photos.

17. The Aircraft Photos were not in the public domain.

18. Plaintiff has complied in all respects with Title 17 of the United States Code ("Copyright

Act of 1976") and all other United States laws governing copyrights, and have secured the exclusive rights and privileges in and to the copyrights to the Aircraft Photos.

19. Plaintiff owns certain rights in and to the Aircraft Photos and has registered the same with the United States Copyright Office as Iconography Aircraft Collection I, Copyright Registration Number: VAu 1-260-416 622-000.

20. Plaintiff is the respective owner of valid copyrights in the Aircraft Photos, and the copyrights in each such work have been registered with the United States Copyright Office. As such, Plaintiff's copyrights in the above-described Aircraft Photos are presently valid and subsisting, were valid and subsisting from the moment of their creation, and all conditions precedent to the filing of this suit have occurred.

## COUNT I:
### Copyright Infringement (Direct Infringement)

21. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

22. Plaintiff is the respective owner of valid copyrights in the works described above, and as the copyrights in each such work have been registered with the United Sates Copyright Office.

23. Defendant has violated the Plaintiff's exclusive rights by reproducing at least two (2) of the Aircraft Photos in Defendant's Infringing Video. The Infringing Video was widely displayed and made publicly available through Defendant's use of the Infringing Video at multiple trade shows and sales presentations to existing and prospective clients.

24. Defendant has violated the Plaintiff's exclusive rights by distributing copies and/or derivatives of one or more of the Aircraft Photos.

25. Defendant had access to the copyrighted works. The Infringing Video includes substantial

similarities between the original elements of the Aircraft Photos and the photographs shown in the Infringing Video.

26. To the extent the Infringing Video is considered a derivative work, Defendant reproduced them without Plaintiff's permission, and whatever minor changes or modifications Defendant made to the Aircraft Photos were unoriginal, obvious, and/or simply an application of the Aircraft Photos' original copyrighted elements.

27. Defendant's violations of Plaintiff's exclusive rights are willful acts of copyright infringement. With full knowledge of Plaintiff's ownership and rights, Defendant infringed Plaintiff's copyright.

28. Plaintiff has suffered damages as a result of Defendant's infringement of the Aircraft Photos. Defendant has used the Infringing Video to generate millions of dollars in profits without compensating Plaintiff.

29. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover from Defendant Plaintiff's actual damages, plus damages in the form of all of Defendant's profits attributable to the infringements.

30. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover statutory damages not exceeding $150,000 against Defendant for each of the Aircraft Photos that have been infringed.

31. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant prohibiting any further copying, use, or distribution of any of the Aircraft Photos.

32. Pursuant to 17 U.S.C. § 503(b), Plaintiff is entitled to an order that all copies of the Aircraft

Photos found to have been made in violation of their exclusive rights be destroyed or otherwise removed from the stream of commerce.

33. Plaintiff is also entitled to an award of their reasonable attorneys' fees, costs of court, and post-judgment interest at the highest legal rate.

## COUNT II:
### Copyright Infringement (Indirect Infringement)

34. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

35. Defendant has encouraged, assisted, induced, facilitated, and abetted others to violate the Plaintiff's exclusive rights by reproducing certain of the Aircraft Photos, including but not limited to producing promotional videos and advertisements based on and/or embodying such works.

36. Defendant has encouraged, assisted, induced, facilitated, and abetted others to violate the Plaintiff's exclusive rights by creating derivative works based on the certain of the Aircraft Photos, including but not limited to producing promotional videos and advertisements based on and/or embodying such work.

37. Defendant has encouraged, assisted, induced, facilitated, and abetted others to violate the Plaintiff's exclusive rights by distributing copies and/or derivatives of one or more of the Aircraft Photos, including but not limited to producing promotional videos and advertisements based on and/or embodying such work.

38. Defendant's acts were committed with actual knowledge that Plaintiff's works were protected by copyright, and with the specific intent of encouraging, assisting, inducing, facilitating, and abetting others to reproduce, distribute, and create derivatives of Plaintiff's Aircraft Photos.

39. Defendant has thus committed multiple acts of contributory infringement, and as such are

liable to Plaintiff for Plaintiff's actual damages as well as damages in the form of all profits attributable to the infringement.

40.     Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover statutory damages not exceeding $150,000 against Defendant for each of the Aircraft Photos that have been infringed.

41.     Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant prohibiting any further contributory infringement of Plaintiff's copyrights.

42.     Plaintiff is also entitled to an award of their reasonable attorneys' fees, costs of court, and post-judgment interest at the highest legal rate.

## COUNT III:
## Violations of the Digital Millennium Copyright Act

43.     Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

44.     Several forms of "copyright management information," as defined in 17 U.S.C. § 1202(c), were incorporated into the Aircraft Photos. This "copyright management information" included: "information identifying the work"; the "name of, and other identifying information about, the author of [the] work"; and the "name of, and other identifying information about, the copyright owner of the work, including the information set forth in [the] notice of copyright." 17 U.S.C. § 1202(c)(1)-(3), (6).

45.     In creating the Infringing Video identified above, without Plaintiff's permission, Defendant removed and/or altered, and caused and induced others to remove and/or alter, copyright management information from copies and unauthorized derivative versions of the Aircraft Photos,

including for use in the Infringing Video; distributed and imported for distribution, and caused and induced others to distribute and import for distribution, copyright management information conveyed in connection with the Infringing Video, knowing that the copyright management information had been removed or altered without authority of the copyright owner or the law; and distributed and imported for distribution, and caused and induced others to distribute and import for distribution, the Infringing Video, knowing that the copyright management information had been removed or altered without authority of the copyright owner or the law, all while having reason to know and in fact knowing that doing so would induce, enable, facilitate, or conceal infringement of Plaintiff's copyright in the Aircraft Photos, in violation of 17 U.S.C. § 1202(b)(1)-(3).

46.  At the time Defendant removed Plaintiff's copyright management information from copies of the Aircraft Photos, and at the time they distributed copies of the Aircraft Photos from which the copyright management information had been removed or omitted, Defendant knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, or conceal the infringement of Plaintiff's copyrights.

47.  Defendant's removal or alteration of Plaintiff's copyright management information from the Aircraft Photos, including for use in and distribution of the Infringing Video, was and continues to be willful and intentional.

48.  Plaintiff is entitled to actual damages as a result of Defendant's violation and any of Defendant's profits attributable to the violation and not taken into account in calculating actual damages, or, at Plaintiff's election, statutory damages, pursuant to the DMCA. 17 U.S.C. §§ 1202, 1203.

49. Pursuant to 17 U.S.C. § 1203(b), Plaintiff is entitled to recover all costs and reasonable attorneys' fees associated with this action.

50. Plaintiff is entitled to injunctive relief preventing Defendant from further violations, pursuant to 17 U.S.C. § 1203(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court find as follows:

1. Plaintiff is entitled to recover actual damages set out above.

2. Plaintiff is entitled to an accounting by the Defendant of all activities in connection with the infringements of Plaintiff's copyrights in and to the Aircraft Photos, as well as of the Defendant's gross profits and income attributable to its infringement(s) of same.

3. Plaintiff is entitled to recovery of damages in the form of all direct and indirect profits attributable to the Defendant's infringements, including but not limited to such profits attributable to advertising, pursuant to 17 U.S.C. §504(b).

4. Additionally, Plaintiff is entitled to recovery of up to $25,000.00 from Defendant for each instance that they violated the DMCA. 17 U.S.C. §1202.

5. Plaintiff is entitled to recover the professional fees and expenses of all expert witnesses retained for the prosecution of this action.

6. Defendant is required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all materials which infringe Plaintiff's copyrights, including all photographs, videos, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession of, or under the direct or indirect control of

Defendant.

7. Plaintiff is entitled to such other and further relief as this court shall deem just and proper.

**PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

**WYCHE, P.A.**

s/Meliah Bowers Jefferson
Meliah Bowers Jefferson (D.S.C. Id. No. 10018)
Christopher B. Schoen (D.S.C. Id. No. 11421)
44 East Camperdown Way
Greenville, S.C. 29601
Telephone: 864-242-8200
Telecopier: 864-235-8900
mjefferson@wyche.com, cschoen@wyche.com

ATTORNEYS FOR PLAINTIFF

April 20, 2017